UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| OHIO FARMERS INSURANCE COMPANY | ) ) ) |
| Plaintiff | ) ) |
| v. | ) ) |
| SPECIAL COATINGS, LLC | ) ) |
| Defendant | ) ) |
| and | ) No. 3:07-1224 ) JUDGE ECHOLS ) |
| MILLARD JOEL GODWIN and MARILYN K. GODWIN | ) ) ) |
| Defendants/Third Party Plaintiffs | ) ) |
| v. | ) ) |
| WILLIAM CODY RUSSELL, WILLIAM C. RIDENOUR, WILLIAM MORRISON, and MORRISON & FUSON INSURANCE AGENCY, INC., | ) ) ) ) ) ) |
| Third Party Defendants. | ) |

## ORDER

Third-Party Defendants William Morrison and Morrison & Fuson Insurance Agency, Inc. (collectively "Morrison") filed a Motion For Relief From Judgment And For Dismissal With Prejudice On Other Grounds (Docket Entry No. 113), to which Third-Party Plaintiffs Millard and Marilyn Godwin ("the Godwins") filed a response in opposition (Docket Entry No. 116) and

1

Morrison filed a reply (Docket Entry No. 120). Morrison's motion is brought under Federal Rule of Civil Procedure 60(b)(6). For the reasons stated below, the motion is DENIED.

The Court did not enter final judgment in this case when it entered the Memorandum and Order on December 23, 2008. Thus, the Court does not construe Morrison's motion as a request for relief from judgment.

Rule 60 may be utilized, however, to seek relief from an Order. Relief under Rule 60 is circumscribed by public policy favoring termination of litigation. Info-Hold, Inc. v. Sound Merchandising, Inc., 538 F.3d 448, 454 (6th Cir. 2008). As the party seeking relief under Rule 60(b)(6), Morrison bears the burden to establish "the grounds for such relief by clear and convincing evidence." Id. The Court may grant Rule 60(b)(6) relief only in exceptional or extraordinary circumstances. Hopper v. Euclid Manor Nursing Home, Inc., 867 F.2d 291, 294 (6th Cir. 1989).

In the Memorandum and Order entered on December 23, 2008 (Docket Entry Nos. 103 & 104), the Court granted Morrison's motion to dismiss the Godwins' third-party complaint on the ground that the third-party complaint was improperly brought against Morrison under Federal Rule of Civil Procedure 14. The Court held that, because any liability of Morrison would not be derivative of, or secondary to, the Godwins' contractual liability to Ohio Farmers under the indemnity agreement, the third-party complaint was improper under Rule 14. The Court did not reach alternative arguments Morrison made in support of the motion to dismiss. The Court also did not address the merits of Morrison's motion for summary judgment and denied that motion as moot.

Following the dismissal, on January 12, 2009, the Godwins filed a state court lawsuit against Morrison seeking indemnity and contribution based on the same factual allegations that were the basis of the third-party complaint in this case. Morrison now asks the Court to grant relief under

Rule 60(b)(6) to hold: (1) that the Court's prior dismissal of Morrison was a dismissal with prejudice because the Court made findings of fact in favor of Morrison and (2) the Godwins litigated their claims against Morrison in this lawsuit and the doctrine of issue preclusion should apply to prevent the Godwins from pursuing the state court action.

The Court's dismissal of Morrison was solely based on improper third-party practice under Rule 14. The Court dealt with this issue first in its Memorandum at pages 23 to 29. The Court did not make any findings of fact in favor of Morrison as if the Court had held a trial. The Court expressly dismissed Morrison from the suit under Rule 14 as improperly joined, and the Court did not address the merits of Morrison's pending motion for summary judgment.

The Court then turned to a ruling on Ohio Farmers' motion for summary judgment. The Court viewed the facts in the evidentiary record as it stood before the Court at that time in the light most favorable to the Godwins, as the Court was required to do in ruling on summary judgment. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). Viewing the record evidence in that light, the Court concluded that the Godwins had not produced sufficient evidence to advance to a jury trial against Ohio Farmers. Again, the Court did not make any findings of fact as if it had held a trial.

Because the Court did not make any findings of fact in Morrison's favor, the Court did not resolve the merits of the Godwins' claims against Morrison. The Court merely held that the Godwins improperly joined Morrison in this suit. Even if Morrison still believes that the doctrine of issue preclusion should bar the Godwins' new lawsuit, such an argument should be addressed to the state court, not this Court.

3

Accordingly, the Court concludes that Morrison has not carried the burden by clear and convincing evidence to show exceptional or extraordinary circumstances to justify relief under Rule 60(b)(6). See Info-Hold, Inc., 538 F.3d at 454; Hopper, 867 F.2d at 294. The motion is DENIED.

It is so ORDERED.

                                          ROBERT L. ECHOLS
                                          UNITED STATES DISTRICT JUDGE