UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| OHIO FARMERS INSURANCE COMPANY ) ) ) Plaintiff ) ) v. ) ) SPECIAL COATINGS, LLC ) ) Defendant ) ) and ) ) MILLARD JOEL GODWIN and ) MARILYN K. GODWIN ) ) Defendants/Third Party Plaintiffs ) ) v. ) ) WILLIAM CODY RUSSELL, ) WILLIAM C. RIDENOUR, ) WILLIAM MORRISON, and ) MORRISON & FUSON INSURANCE ) AGENCY, INC., ) ) Third Party Defendants. ) | No. 3:07-1224 JUDGE ECHOLS |

### ORDER AND DEFAULT JUDGMENTS AGAINST SPECIAL COATINGS, LLC AND WILLIAM CODY RUSSELL

The Court entered default against Special Coatings, LLC and William Cody Russell under Federal Rule of Civil Procedure 55(a) on July 11, 2008. (Docket Entry No. 64, Order.) Plaintiff Ohio Farmers Insurance Company filed a Motion For Default Judgment (Docket Entry No. 110) against Special Coatings, LLC. Defendants/Third-Party Plaintiffs Millard and Marilyn Godwin filed

1

a Motion For Default Judgment Against William Cody Russell and Special Coatings, LLC. (Docket Entry No. 99.)

Based on the entire record in the case, the Court hereby GRANTS Ohio Farmers' motion for default judgment against Special Coatings, LLC, and the Court hereby GRANTS IN PART and DENIES IN PART the Godwins' motion for default judgment against William Cody Russell and Special Coatings, LLC. The Court DENIES that portion of the Godwins' motion seeking a default judgment against Special Coatings, LLC, because the Godwins did not file a cross-claim against Defendant Special Coatings, LLC; the Godwins filed only a Third-Party Complaint against William Cody Russell and William C. Ridenour. (Docket Entry No. 21.) Accordingly,

(1) default judgment is entered on the Complaint in favor of Plaintiff Ohio Farmers Insurance Company and against Defendant Special Coatings, LLC for indemnity in the total amount of $222,150.50, exclusive of attorney's fees and nontaxable expenses,[1] with prejudgment interest at the rate of 10% per annum beginning on the date each payment was made under the performance and payment bonds and ending on the date of entry of default judgment; and for deposit of collateral with Ohio Farmers Insurance Company in the amount of $125,000.00 to secure Special Coatings' indemnity obligations with respect to potential future claims that may be asserted against Ohio Farmers under the performance or payment bonds; and

(2) default judgment is entered on the Third-Party Complaint[2] in favor of Third-Party Plaintiffs Millard and Marilyn Godwin and against Third-Party Defendant William Cody Russell

---

[1] Ohio Farmers Insurance Company shall have thirty (30) days after entry of default judgment to file a motion for attorney's fees and nontaxable expenses, as provided in Local Rule 54.01, which attorney's fees and nontaxable expenses shall be included in the default judgment.

[2] Incorrectly denominated a "Cross Claim." (Docket Entry No. 21.)

2

for the full amount of the Godwins' liability to Ohio Farmers Insurance Company, which consists of indemnity in the total amount of $222,150.50, exclusive of attorney's fees and nontaxable expenses[3]; prejudgment interest of $24,771.30 plus $60.81 per day beginning January 7, 2009, and ending on the date of entry of final judgment; and deposit of collateral with Ohio Farmers Insurance Company in the amount of $125,000.00 to secure indemnity obligations with respect to potential future claims that may be asserted against Ohio Farmers under the performance or payment bonds.

It is so ORDERED.

*[signature]*
ROBERT L. ECHOLS
UNITED STATES DISTRICT JUDGE

---

[3] Ohio Farmers Insurance Company shall have thirty (30) days after entry of default judgment to file a motion for attorney's fees and nontaxable expenses, as provided in Local Rule 54.01, which attorney's fees and nontaxable expenses shall be included in the judgment against the Godwins.