UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **OHIO FARMERS INSURANCE COMPANY** | ) ) ) |
| **Plaintiff** | ) ) |
| v. | ) ) |
| **SPECIAL COATINGS, LLC** | ) ) |
| **Defendant** | ) ) No. 3:07-1224 |
| and | ) JUDGE ECHOLS ) |
| **MILLARD JOEL GODWIN and MARILYN K. GODWIN** | ) ) ) |
| **Defendants/Third Party Plaintiffs** | ) ) |
| v. | ) ) |
| **WILLIAM CODY RUSSELL, WILLIAM C. RIDENOUR, WILLIAM MORRISON, and MORRISON & FUSON INSURANCE AGENCY, INC.,** | ) ) ) ) ) |
| **Third Party Defendants.** | ) |

## ORDER

Following the Court's December 23, 2008 Memorandum and Order (Docket Entry Nos. 103 and 104), Plaintiff Ohio Farmers Insurance Company ("Ohio Farmers") filed a Supplemental Brief on Damages (Docket Entry No. 107), and Defendants Millard and Marilyn Godwin ("the Godwins") filed a response in opposition (Docket Entry No. 109).

1

The Court observes that neither party complied with the directions in the Court's prior Order. The Court instructed Ohio Farmers to file a supplemental brief no longer than eight (8) pages "setting forth all of the relief requested, including a calculation of pre-judgment interest, as well as authorities supporting the relief requested." In addition to an eight-page brief, Ohio Farmers provided a five-page affidavit of Anne Stith, Senior Bond Counsel for Ohio Farmers, with an additional thirteen (13) pages of attachments. The Court instructed the Godwins to file "a short brief, no longer than five (5) pages," in response. Instead, the Godwins filed an eight (8) page response and an additional fifty-eight (58) pages in attachments.

The time for presenting evidence to the Court on the issue of damages was upon the filing, and response to, Ohio Farmers' motion for summary judgment. That motion placed in issue before the Court whether there were genuine issues of material fact for trial on liability and damages. At pages 20 to 21 of the Memorandum (Docket Entry No. 103), the Court set forth the evidence Ohio Farmers produced as to damages, i.e., the amounts Ohio Farmers paid on the performance and payment bonds, the amount paid to a consultant, and the amount placed in reserve for future claims. In footnote 6 the Court stated: "While the Godwins contend that Ms. Stith did not properly investigate or settle the claims against the bonds fairly, the Godwins offer no evidence in support of their assertion." (Id. at 20.)

The Court did not invite a factual dispute on damages by requesting supplemental briefs. The Court asked Ohio Farmers to set forth a prejudgment interest calculation and to provide legal authorities to support the various forms of relief requested. The Court allowed the Godwins a short response so that they could raise any error that might appear in the prejudgment interest calculation or dispute any legal basis upon which Ohio Farmers rested its claim for relief.

Because the Godwins did not present evidence on damages in opposition to the summary judgment motion, the Court will not consider at this time the Godwins' belated claims in their supplemental brief that Ms. Stith did not act in good faith in the investigation and settlement of the performance bond claim with the Hopkinsville Water Environment Authority ("HWEA"), resulting in a windfall to the HWEA, and that Ms. Stith failed to keep the Godwins apprised of the settlement negotiations on the performance and payment bond claims, an issue the Godwins raise to the Court for the first time. The Godwins should have produced evidence on these issues in opposition to the summary judgment motion, and had the Court determined that genuine issues of material fact existed, the issues would have been submitted to a jury for determination. The Court will not permit factual disputes over damages at this late date, and the Godwins' request for a hearing on damages is denied.

The Godwins contend that the Court should not award prejudgment interest because they had a good faith defense to Ohio Farmers' interpretation of the indemnity agreement. The Godwins rely on Textile Workers Union of Am., Local No. 513 v. Brookside Mills, Inc., 326 S.W.2d 671 (Tenn. 1959). However, the Tennessee Supreme Court expressly overruled Textile Workers Union in Myint v. Allstate Ins. Co., 970 S.W.2d 920, 928 n.7 (Tenn. 1998). The test the Court must apply is "whether the award of prejudgment interest is fair, given the particular circumstances of the case. In reaching an equitable decision, a court must keep in mind that the purpose of awarding the interest is to fully compensate a plaintiff for the loss of the use of funds to which he or she was legally entitled, not to penalize a defendant for wrongdoing." Id. at 927.

The Court determines that an award of prejudgment interest is fair and equitable in this case and that such prejudgment interest should run from November 28, 2007, when Ohio Farmers made

formal demand on the Godwins for indemnity, to the date of entry of final judgment. See id. Ohio Farmers made payments to claimants under the performance and payment bonds, and Ohio Farmers has not had the use of the money since it made formal demand on the Godwins for indemnity and no indemnity was paid. Accordingly, the Court will award prejudgment interest of $24,771.30 for the period November 28, 2007 to January 6, 2009, and $60.81 per day thereafter to the date of entry of final judgment. (Docket Entry No. 107-3, calculation.) Accordingly,

(1) Defendants Millard and Marilyn Godwin shall pay to Ohio Farmers Insurance Company indemnity in the total amount of $222,150.50;

(2) Defendants Millard and Marilyn Godwin shall pay to Ohio Farmers Insurance Company prejudgment interest of $24,771.30 plus $60.81 per day beginning January 7, 2009, and ending on the date of entry of final judgment;

(3) Defendants Millard and Marilyn Godwin shall deposit collateral with Ohio Farmers Insurance Company in the amount of $125,000.00 to secure the Godwins' indemnity obligations with respect to potential future claims that may be asserted against Ohio Farmers under the performance or payment bonds;

(4) Ohio Farmers Insurance Company shall have thirty (30) days after entry of final judgment to file a motion for attorney's fees and nontaxable expenses, as provided in Local Rule 54.01; and

(5) entry of this Order on the docket shall constitute entry of final judgment in accordance with Federal Rules of Civil Procedure 58 and 79(a).

It is so ORDERED.

ROBERT L. ECHOLS
UNITED STATES DISTRICT JUDGE