UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| OHIO FARMERS INSURANCE COMPANY ) ) ) | |
|     **Plaintiff** ) ) | |
| v. ) ) | |
| SPECIAL COATINGS, LLC ) ) | |
|     **Defendant** ) ) | No. 3:07-1224 |
| and ) ) | JUDGE ECHOLS |
| MILLARD JOEL GODWIN and MARILYN K. GODWIN ) ) ) | |
|     **Defendants/Third Party Plaintiffs** ) ) | |
| v. ) ) | |
| WILLIAM CODY RUSSELL, WILLIAM C. RIDENOUR, WILLIAM MORRISON, and MORRISON & FUSON INSURANCE AGENCY, INC., ) ) ) ) ) ) | |
|     **Third Party Defendants.** ) | |

## ORDER

In accordance with Federal Rule of Civil Procedure 54(d)(2)(A) and Local Rule 54.01, Ohio Farmers Insurance Company ("Ohio Farmers") has filed Plaintiff's Motion For Attorney's Fees And Nontaxable Expenses" (Docket Entry No. 133), to which no response or objection has been filed as allowed by Local Rule 54.01.

1

In a Memorandum and Order entered December 23, 2008 (Docket Entry Nos. 103 & 104), the Court granted Ohio Farmers' Motion for Summary Judgment against Defendants Millard Joel Godwin[1] and Marilyn K. Godwin ("the Godwins"). On July 9, 2009, the Court entered an Order requiring the Godwins to pay indemnity on performance and payment bonds to Ohio Farmers in the total amount of $222,150.50 plus prejudgment interest and to deposit collateral with Ohio Farmers in the amount of $125,000.00 to secure the Godwins' indemnity obligations with respect to potential future claims that may be asserted against Ohio Farmers under the bonds. (Docket Entry No. 127.) On the same day, the Court entered a default judgment in favor of Ohio Farmers against Defendant Special Coatings, LLC for indemnity on the bonds in the same amounts. (Docket Entry No. 125.)

The judgment entered in favor of Ohio Farmers against the Godwins and Special Coatings, LLC is based on an enforceable Agreement of Indemnity which the parties executed on September 7, 2005. This Order awarding Ohio Farmers attorney's fees and nontaxable expenses is based on the express language of the indemnity agreement (Docket Entry No. 83-1) which provided, in pertinent part:

> Second: The Indemnitors shall exonerate, indemnify, and keep indemnified the Surety from and against any and all liability for losses and/or expenses of whatsoever kind or nature (including, but not limited to, interest, court costs and counsel fees) and from and against any and all such losses and/or expenses which the Surety may sustain and incur: (1) By reason of having executed or procured the execution of the Bonds, (2) By reason of the failure of the Indemnitors to perform or comply with the covenants and conditions of this Agreement or (3) In enforcing any of the covenants and conditions of this Agreement.

---

[1] On August 13, 2009, Third-Party Defendant Morrison & Fuson Insurance Agency, Inc. filed a Suggestion of Death (Docket Entry No. 140), noting on the record the May 30, 2009 death of Defendant Millard Joel Godwin. The Court granted Marilynn K. Godwin's Motion For Substitution (Docket Entry No. 145) and substituted Marilynn K. Godwin, Executrix of the Estate of Millard Joel Godwin. This Order shall apply to the Millard Joel Godwin estate.

Under Tennessee law, attorney's fees may be recovered under a contractual indemnity provision. See Trinity Indus., Inc. v. McKinnon Bridge Co., 147 S.W.3d 225 (Tenn. Ct. App. 2003)(affirming summary judgment for Trinity Industries, Inc., which included award of attorney's fees pursuant to indemnity agreement).

Two attorneys primarily represented Ohio Farmers: Thomas E. Roma, Jr., a partner with the Louisville, Kentucky law firm of Parker & O'Connell, PLLC, and T. Price Thompson III, a partner with the law firm of Rochelle, McCulloch & Aulds, PLLC in Lebanon, Tennessee. Mr. Roma was admitted to the Bar of the Commonwealth of Kentucky in 1982. Through his 27 years of law practice, approximately ninety percent (90%) of Mr. Roma's practice has been in the area of construction law. He has represented sureties with respect to construction bonds for the entire 27 years.

The bulk of the attorney work at Parker & O'Connell was performed by Mr. Roma, who charged $185.00 per hour for 402.62 hours of work resulting in a total of $74,484.70 in attorney's fees. Two associate attorneys assisted Mr. Roma briefly: one charged $160 per hour for 2.5 hours of work for a total of $400.00, and the other charged $135.00 per hour for 3.25 hours for a total of $438.75 in attorney's fees. All paralegal work was charged at $75.00 per hour for 79.05 hours, for a total of $5,928.75. Mr. Roma presents his opinion that the charges represented on the billing invoices provided with his affidavit were reasonable and necessary to represent Ohio Farmers in this matter. Ohio Farmers made payment to Parker & O'Connell for all legal services and expenses reflected on the invoices, with the exception of invoice number 11934, in the amount of $2,416.90, dated August 5, 2009, which Mr. Roma expected to be paid within a reasonable time. (Docket Entry No. 135, Roma Aff.)

3

Mr. Thompson acted as local counsel for Ohio Farmers in this case. From December 7, 2007 to the present, his firm charged Ohio Farmers $6,364.00 in attorney's fees, $6,086.50 of which were directly related to and necessary for the prosecution of this lawsuit. Ohio Farmers paid the invoices in full. Mr. Thompson was made a partner at his firm on January 1, 2009, so the majority of the legal services he performed for Ohio Farmers were as an associate attorney. His hourly rate was $185.00, the rate customarily charged by his firm for his legal services as an associate. In Mr. Thompson's opinion, these attorney's fees were reasonable and necessary for Ohio Farmers' representation in this district court. (Docket Entry No. 137, Thompson Aff.)

The Court has reviewed the billing invoices submitted by Mr. Roma and Mr. Thompson and finds that the hours billed and the hourly rates charged were reasonable for this litigation. Neither the Godwins nor Special Coatings filed a response objecting to the attorney's fees and nontaxable expenses requested. Accordingly, Plaintiff's Motion For Attorney's Fees and Nontaxable Expenses (Docket Entry No. 133) is hereby GRANTED as follows.

The Court finds that Mr. Roma and his law firm are entitled to attorney's fees in the total amount of $81,252.20 (which is comprised of $74,484.70 billed by Mr. Roma; $400.00 & $438.75 billed by two associates; and $5,928.75 billed by paralegals) and nontaxable expenses in the amount of $2,720.11.[2] Mr. Roma's law firm was compensated for the $350.00 district court filing fee, $100.00 for a process server fee, and $5,118.18 in deposition transcript fees in the Bill of Costs entered on August 17, 2009. (Docket Entry No. 142.) Those taxable costs were separately awarded

---

[2]The Court is able to account for nontaxable expenses only in this amount, while Mr. Roma requests $2,815.11, a difference of $95.00.

4

by the Clerk under 28 U.S.C. § 1920 and they are not included in the amount of $2,720.11 which the Court awards in non-taxable expenses pursuant to the indemnity agreement.

The Court further finds that T. Price Thompson and his law firm are entitled to attorney's fees in the amount of $6,086.50 for 32.90 hours of work at $185.00 per hour. Mr. Thompson requests $350.00 for the district court filing fee and $100.00 for a process server fee, but these two amounts were previously awarded to Ohio Farmers on the Bill of Costs. (Docket Entry No. 142.) Mr. Thompson is entitled to a nontaxable expense of $5.00 for parking incurred on March 18, 2008, to attend a case management conference at the federal courthouse.

Defendants Millard Joel Godwin (or a party timely substituted for him under Rule 25), Marilyn K. Godwin, and Special Coatings, LLC are jointly and severally liable for the attorney's fees and nontaxable expenses awarded.

It is so ORDERED.

_____
ROBERT L. ECHOLS
UNITED STATES DISTRICT JUDGE